## TUSHKA v. MILLS et al.

No. 11123—Opinion Filed Feb. 26, 1924.

Rehearing Denied Feb. 17, 1925.

(Syllabus.)

1. **Indians—Inherited Lands — Removal of Restrictions.**

The act of Congress of May 27, 1908, removed certain restrictions on inherited land from citizens of the Five Civilized Tribes of Indians, which embraced lands allotted to the Choctaws and Chickasaws, subject to the proviso contained in section 9 of said act.

2. **Same—Invalidity of Probate Sale.**

Where W. T., a full-blood citizen of the Choctaw Nation, died intestate, on May 12, 1906, leaving surviving him his widow, to whom was born on May 29, 1906, a child, R. T., a full-blood Choctaw Indian, the said R. T. inherited the allotment of said W. T., subject to the widow's dower, and where such land remained unsold until the passage of the act of Congress of May 27, 1908, the act of Congress of said last named date, by reason of the last proviso to section 9, made the homestead portion of the allotment of the said W. T. inalienable until April 26, 1931, and the petition of R. T. as against purchasers at an alleged probate sale made in 1910 of the homestead portion of the said land, pleading such state of facts, states a cause of action, and the demurrer thereto should have been overruled.

Error from District Court, Grady County; Will Linn, Judge.

Action by Rosa Tushka, a minor, by her guardian, Impson Tushka, against Lawrence Mills et al. Judgment for defendants, and plaintiff brings error. Reversed.

George T. Arnett, W. F. Semple, and R. C. Drake, for plaintiff in error.

Lawrence Mills, in pro. per.

Bond, Melton & Melton, for defendants in error.

BRANSON, J. The plaintiff in error in this cause was the plaintiff in the district court. The action was brought to recover possession and to quiet title, and for damages for detention of a certain tract of land located in Grady county, Okla. Plaintiff's petition in substance alleged that the land involved was the homestead allotment of one Willis Tushka, a full-blood Choctaw Indian, duly enrolled by the proper governmental authorities on the final roll of citizens of the Choctaw Nation, under and by reason of the Curtis Act, and the supplemental agreement of 1902, made with the Choctaw and Chickasaw Indians in the In-

dian Territory. That the said Willis Tushka died on the 12th day of May, 1906, and that Rosa Tushka, the plaintiff, was his only child, and that she and her mother, Betsy Tushka, were his only heirs at law. That the rights of the said Betsy Tushka, widow of the said decedent and allottee, were solely the right of dower, and that her dower rights were laid off in other lands than those involved in this litigation, which was the allotment homestead of the said deceased allottee.

Plaintiff further pleaded that she was born on the 29th day of May, 1906, and that she is a full-blood Choctaw Indian and falls within the provisions and protections of children born to enrolled citizens of the Choctaw Tribe after March 4, 1906. That the land allotted to the said Willis Tushka was further restricted prior to the death of the said allottee, by the act of Congress of April 26, 1906, and that the land so restricted, as by said act provided and by prior acts of Congress, was inherited by the plaintiff, notwithstanding she was a posthumous child of the said allottee.

Plaintiff further pleaded that under and by reason of the provisions of section 9 of the act of May 27, 1908, certain special restrictions were placed upon the land herein involved, to the end that it should be used for the benefit of the plaintiff, and be inalienable until 1931. Plaintiff further pleaded that the defendants claimed the land in question, and the right to the possession and use thereof, by reason of a guardian's deed executed by the guardian of the plaintiff, in pursuance of an order of the county court having jurisdiction of the estate of the said minor in the year 1910, but that said deed is void, for the reason said land was restricted land, and that said deed was made in violation of the said act of Congress of May 27, 1908.

Plaintiff further pleaded for an accounting for the usable value of the land for the period same was in the possession of the defendants.

To the petition setting out the facts substantially as above, the defendants interposed a demurrer "for the reasons same (the petition) does not state facts sufficient to constitute a cause of action against the defendants, and does not state facts sufficient entitling plaintiff to relief prayed for." Said demurrer was heard by the trial court, and was by said court sustained, and to which action of the court plaintiff duly excepted, and gave statutory notice of appeal to this court. Within the time provided by law, the appeal was duly lodged

herein, and under proper assignments of error, the plaintiff states:

"The only question in this case is whether the proviso to section 9 of the act of Congress approved May 27, 1908, applies to the homestead allotment of a full-blood Indian who died prior to the approval of said act of Congress, leaving issue born since March 4, 1906, where said homestead allotment was attempted to be sold since the act of Congress of May 27, 1908, was not affected."

In brief, the contention of the plaintiff is that when the allottee, Willis Tushka, departed this life, that part of his lands here drawn in litigation, being the homestead part of the lands allotted to him as a citizen of the Choctaw Nation, vested by operation of law in Rosa Tushka, the plaintiff, who could not alienate the same, by reason of congressional restrictions, and that the land was in that situation when the act of Congress of May 27, 1908, was passed, which, among other things, placed the jurisdiction of Indian minors and their estates in the county courts of the state of Oklahoma, but therein also provided in section 9 as follows:

"That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land, provided that no conveyance of any interest of any full-blood Indian heir of any such land shall be valid, unless approved by the court having jurisdiction of the settlement of the estate of the said deceased allottee; provided, further, if any member of the Five Civilized Tribes of one-half or more Indian blood, shall die leaving issue surviving born since March 4, 1906, the homestead of such deceased allottee shall remain inalienable, unless restrictions against alienation are removed therefrom by the Secretary of the Interior, in the manner provided in section 1 hereof, for the use and support of such issue during their life or lives, until April 26, 1931."

At the time of the death of the allottee, Willie Tushka, his allotment passed to his heirs at law, the title thereto vested in the heir, subject to restrictions against alienation imposed therein (sec. 22, act of April 26, 1906).

In the case of Maharry v. Eatman, 29 Okla. 46, 116 Pac. 935, this court held in effect that the act of Congress of May 27, 1908, was a revising act or a substitution for all former acts of Congress relating to restrictions of Indian lands such as herein involved, and this last-mentioned act operated to remove the restrictions upon inherited land, subject to the provisions therein set forth.

One of the limitations on the restrictions

on inherited land was contained in the proviso last above quoted; that is to say, that in any case where a person of half Indian blood or more died, and the land passed by operation of law to the allottee's heirs, where the allottee left surviving issue born since March 4, 1906, the homestead part of the allotted land should remain inalienable, and for the use and benefit of the issue so born since March 4, 1906, until April 26, 1931.

We think that this provision was entirely within the power of the National Congress in the exercising of its plenary control over the properties of restricted Indian citizens. Such provision was not without sanction in fundamental justice to children of the class mentioned, left surviving by the allottee. For that Congress had provided that all children born to a citizen of the Choctaw and Chickasaw Nations up to March 4, 1906, should be allotted lands out of the common properties of the tribes, as other citizens, but there was no provision made by Congress for issue born thereafter to receive any of the properties being divided in severalty among the citizens of the tribe; and Congress, in the exercise of its power, saw fit in case descent was cast that the homestead part of the allotted lands should remain for children so born, if any, as contained in the last proviso to section 9.

It is contended, however, that since the proviso is "That if any member of the Five Civilized Tribes * * * shall die leaving issue surviving born since March 4, 1906, the homestead of such deceased allottee shall remain inalienable * * *" and that this provision being found in an act not law prior to May 27, 1908, that the act itself should be given a prospective and not a retrospective effect: that is to say, it should not be held applicable to cases where the descent was cast after the passage of the act of April 26, 1906, and before the passage of the act of May 27, 1908.

In the case above cited from 29 Okla. 46, 116 Pac. 935, de find the language of this court practically disposes of this contention:

"This act of May 27, 1908, was remedial in its nature, and there is no reason apparent to the court why the word 'shall,' as used in section 9 thereof, cannot be applied to allottees who died prior to that date as well as to those who died subsequently." (Fitzpatrick v. Simonson Bros. M. F. G. Co.. 86 Minn. 140; Maysville & Lexington R. R. Co. v. Herrick, 13 Bush [Ky.] 122; Ex parte Jordan, 94 U. S. 251, 24 L. Ed. 123.)

It is also contended, although that is not disclosed on the face of the petition at which the demurrer is directed, that the plaintiff was born after the death of the allottee, the allottee having died on the 12th day of May, 1906, and the plaintiff having been born on the 29th day of the same month and that the proviso contemplates that the child shall be in esse at the time of death. We think this contention is untenable. Congress was not unaware of the fact that under the general law children born after the death of the father were as much interested in his properties as those born before his death, and so far as the intent and purpose of Congress was concerned, the interest of these children was as much intended to be protected by the proviso above set out as if the children had been actually living at the date of the death of the father.

While these contentions are made, we think that the real question in the case is: What was the law concerning the alienability of the land involved in this suit at the time of the attempted probate sale in 1910? As to this, we think there is no doubt that the above quoted provision of the act of May 27, 1908, prevented the alienation of the homestead allotment of Willis Tushka, under the facts alleged; that the said homestead allotment was by said act reserved for the use and benefit of the plaintiff in this cause. Braden v. James, 49 Okla. 734, 154 Pac. 560; Harris v. Gale (C. C. A.) 188 Fed. 712; U. S. v. Knight et al., 206 Fed. 145.

Since we reach the conclusion that it was the intent and purpose of Congress by the act of May 27, 1908, in the exercise of power which the Congress had reserved to itself in the Enabling Act, in dealing with the lands of Indian citizens of Oklahoma, such as the plaintiff herein, to make the lands described in the petition inalienable in any manner until April 26, 1931, the plaintiff pleaded a cause of action, for that the county court, in the exercise of its probate jurisdiction over lands of Indian minors, as permitted by the said act of May 27, 1908, could not possibly go to the extent of ordering a sale of lands which the same act had expressly prohibited from alienation for a certain period of time.

For the reasons given, the trial court committed reversible error in sustaining the demurrer to the petition, and the judgment of the trial court is reversed, with directions to set aside the same.

JOHNSON, C. J., and McNEILL, KENNAMER, COCHRAN, and HARRISON, JJ.. concur.